## NATIONAL LABOR RELATIONS BOARD, Petitioner,

v.

## CARPENTRY CONTRACTORS, INC., Respondent.

### No. 00–1925.

United States Court of Appeals, Sixth Circuit.

Jan. 4, 2001.

Before KRUPANSKY, NORRIS, and CLAY, Circuit Judges.

### CONSENT JUDGMENT

This court on September 24, 1999, in Case No. 99–5925, 1999 WL 775934, entered its judgment enforcing an order of the National Labor Relations Board (the "Board") in Board Case No. 7–CA41464, 1999 WL 251855 against respondent Carpentry Contractors, Inc., its officers, agents, successors, and assigns. By a stipulation dated May 8, 2000, the parties consented to the entry of a supplemental order by the Board and the entry of a consent judgment by this court enforcing such supplemental order. The Board, which filed its supplemental order on June 29, 2000, now applies to this court for enforcement of that order by means of a consent judgment pursuant to the terms of the stipulation.

Upon consideration, it is hereby ORDERED and ADJUDGED that the Board's application for entry of consent judgment is granted. The respondent Carpentry Contractors, Inc., its officers, agents, successors, and assigns, shall take

---

* The Honorable Gerald E. Rosen. United States District Judge for the Eastern District of Michigan, sitting by designation.

the following affirmative action which the Board has found necessary to effectuate the policies of the National Labor Relations Act, as amended:

(a) Make whole John E. Davis for loss of pay suffered by reason of the discrimination against him, by payment to him of $10,734.96 in eleven (11) monthly installments. Each installment will be due in the offices of the Seventh Region of the National Labor Relations Board on a monthly basis beginning 21 days after the Board adopts the stipulation. The first ten (10) installments shall be in the amount of $1,000 (one thousand dollars). The final payment shall be for $ 734.96 (seven hundred thirty-four dollars and ninety-six cents).

(b) Respondent agrees to make normal payroll deductions for federal income tax, state income tax, city income tax, if any, and social security tax. Respondent agrees to make its matching FICA contributions. Respondent agrees not to make any deductions for tax purposes from the interest portion of the amount due. Respondent agrees to submit a list indicating these deductions with each payment.

(c) If any installment other than the final installment is not paid on or before its due date, the full unpaid balance shall become immediately due and payable and the Board may, without further notice, institute proceedings against the respondent for the collection of the full indebtedness remaining due, with additional interest due on the entire unpaid balance from the date of default until full payment is received, computed in accordance with the formula set forth in *New Horizons for the Retarded, Inc.*, 283 N.L.R.B. 1173, 1987 WL 89652 (1987).